UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE HARRIS,<br><br>        Plaintiff,<br><br>     v.<br><br>AIR TRANSPORT DISTRICT 143 INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS and LOCAL LODGE 1040 INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS,<br><br>        Defendants. | CASE NO. C05-1824JLR<br><br>ORDER |

## **I. INTRODUCTION**

This matter comes before the court on a motion from the Defendant trade unions (Dkt. # 12) to dismiss Plaintiff's claims. Neither party has requested oral argument, and the court finds this motion suitable for disposition based on the parties' briefing and accompanying declarations. For the reasons stated below, the court GRANTS the motion to dismiss.

ORDER – 1

## II. BACKGROUND

Plaintiff George Harris, an African American man, works as a baggage handler for Northwest Airlines ("Northwest"). In April or May of 2001, Northwest fired Mr. Harris following allegations that he brought a gun and ammunition onto company premises, that he threatened coworkers, and that he provided misleading information during the company's investigation. Harris v. Air Transp. Dist. 143, Int'l Ass'n Machinists & Aerospace Workers, No. 03-cv-05261-RJB ("Prior Order"), at 4 (W.D. Wash. Mar. 15, 2004) (Ex. B to Harris Decl.). On November 5, 2002, after eighteen months of pursuing a grievance, Mr. Harris accepted a Last Chance Agreement ("Agreement") to settle his claim against Northwest. As a result, Northwest reinstated Mr. Harris to his position, but he received no back pay for the time he was out of work. Id. at 8.

Mr. Harris filed his initial action against these Defendants in Pierce County Superior Court on April 8, 2003, alleging that Defendants failed to represent him fairly in his grievance against Northwest, and that he had no choice but to accept the Agreement because the union was not prepared to represent him at the impending arbitration. The union removed the case to federal court on May 16, 2003, and Judge Bryan dismissed the case on summary judgment. Id. at 2, 19. The initial suit directly disposed of allegations that the union's representation was arbitrary, discriminatory, and in bad faith, due at least in part to personal and political hostility between Mr. Harris and the union over a prior EEOC complaint of racial discrimination. Id.

Mr. Harris filed this suit on November 2, 2005, alleging that race and retaliation motivated the union's deficient representation.[1] He sought relief under Title VII of the

---

[1] The court has considered both Mr. Harris's first and second amended complaints (Dkt. ## 5, 6) as one document for the purpose of deciding this motion.

ORDER – 2

Civil Rights Act of 1964 and the Washington Law Against Discrimination. To demonstrate discriminatory treatment, he alleges that a similarly situated Caucasian employee who allegedly assaulted another employee received better representation than he did.

Defendants now move the court to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") on the theory that Mr. Harris's prior action bars the instant action under res judicata principles.[2]

### III.  ANALYSIS

Res judicata is an affirmative defense that is not specifically enumerated among those defenses parties may raise by motion under Rule 12(b). However, where the defense accepts the factual allegations of the complaint as true and does not raise additional facts, the court may consider res judicata in a Rule 12(b)(6) motion. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1983). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. Osborne v. Dist. Attorney's Office for Third Judicial Dist., 423 F.3d 1050, 1053 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). Dismissal for failure to state a claim should not be granted "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotations and citations omitted). The court's review of the record

---

[2] Defendants also argue that the statute of limitations has run on Mr. Harris's claim. The court need not reach this issue.

ORDER – 3

on a Rule 12(b)(6) motion is limited to the complaint and documents referenced within the complaint.  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

Res judicata is a term that describes both claim preclusion, as in the present case, and issue preclusion, otherwise known as collateral estoppel.  McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986).  Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action."  Id. (internal quotations omitted).  Claim preclusion bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action."  McClain, 793 F.2d at 1033.  Claim preclusion bars a second action when it presents claims that are identical to those made in a first action between the same parties (or their privies) that came to a final judgment on its merits.  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).  In the present case, there is no dispute that the parties are the same and that the summary judgment in Mr. Harris's prior suit was a final judgment on the merits. The sole issue is whether Hr. Harris's claim in this action is identical to his claim in the prior action.

Two claims may be identical for res judicata purposes even where the second case contains additional facts or legal theories not asserted in the first.  See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982).  The Ninth Circuit considers four factors to determine whether two claims are identical: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, (2) whether substantially the same evidence is presented, (3) whether the two actions address the infringement of the same right, and (4) whether the second cause of action involves "the same transactional nucleus of facts."  Id. at 1202-03.  Of these factors, the last is the most significant.  Id.

ORDER – 4

Applying this standard, the Ninth Circuit in Owens upheld a res judicata dismissal under circumstances similar to the instant case. 244 F.3d at 715. In that case, terminated employees brought claims for breach of contract and breach of the duty of fair representation in an original action, and then added a Title VII claim based on race in a second action. The court held that, although there was no Title VII claim in the prior action, the plaintiffs could have brought one, and that res judicata therefore barred the later claim. Id. The court reached its holding even though procedural requirements barred the plaintiffs from bringing the Title VII claim in the prior action. Id. at 714. The court reasoned that both suits addressed the racially discriminatory motivation of the employer. Id.

Just as in Owens, Mr. Harris did not formally bring a discrimination claim in his prior action, but he could have. Mr. Harris testified in the prior action that he suspected that his race motivated the Defendants' allegedly poor representation of him in his grievance. In addition, Mr. Harris's race-based retaliation claim in his prior action reveals that he suspected racial motivation, and also shows conclusively that he could have brought his retaliation claims in the prior action.[3] In this action, as in his prior action, the nucleus of facts centers on the union's representation of Mr. Harris and the reasons the representation was inadequate.

The court finds no basis to conclude that Mr. Harris was unable to bring his present claim in his prior suit. Mr. Harris states that he could not have brought the claim because he did not know about the similarly situated Caucasian employee at the time his first action was pending. The court accepts the truth of this assertion. The issue,

---

[3] The court treats Mr. Harris's retaliation claim in the initial action as if he had not actually brought it because Judge Bryan found that Mr. Harris had abandoned this claim as a separate theory for recovery. Prior Order at 18.

ORDER – 5

however, is not whether Mr. Harris had actual knowledge of the Caucasian employee, but whether he could have learned the information through diligent discovery.  The assault to which Mr. Harris refers occurred on April 14, 2002, a year after his own termination and a year before he filed his original action against the union.  According to Mr. Harris, there is an EEOC complaint on file regarding the incident.  There is no reason for the court to infer that the "new" evidence in this action would not have been available if Mr. Harris had pursued appropriate discovery in his prior action.

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion to dismiss (Dkt. # 12).  The court directs the clerk to enter judgment for Defendants.

Dated this 27th day of April, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 6